UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:08-CR-534-T-17TGW

CALEB MICHAEL CHARLES.

_____/

ORDER

This cause is before the Court on:

Dkt. 222    First Step Memorandum
Dkt. 225    Motion to Reduce Sentence Pursuant to Section 404 of
            the First Step Act of 2018
Dkt. 228    Response

Defendant Caleb Michael Charles moves for a reduction of sentence pursuant to 18 U.S.C. Sec. (c)(1)(B) and Section 404 of the First Step Act of 2018. Defendant Charles requests a reduction of Defendant's term of imprisonment as to Count 2 to time served and Defendant's term of supervised release to 3 years, leaving intact the 120-month sentence as to Count 1. In the alternative, Defendant Charles requests a hearing to determine a sentence that is sufficient, but not greater than necessary, pursuant to 18 U.S.C. Sec. 3553(a).

The Government opposes Defendant Charles' Motion. The Government argues that although the First Step Act modifies Defendant Charles' statutory penalty provisions, Defendant Charles' guidelines remain the same, as reflected in the First Step Memorandum. The Government opposes Defendant's request for modification of the term of imprisonment to time served as to Count 2, but does not object to a reduction of the term of supervised release to 3 years.

1. Background

Count I of the Indictment charges Defendant Charles with Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire, in violation of 18 U.S.C. Sec. 1958(a) and
2. Count 2 of the Indictment charges Defendant Charles with Distribution of Five

Grams or More of Cocaine Base, in violation of 21 U.S.C. Secs. 841(a)(1), 841(b)(1)(a)(iii) and 18 U.S.C. .Sec. 2. (Dkt. 24).

Defendant Charles entered into a Plea Agreement. (Dkt. 93), pleading guilty to Counts 1 and 2 of the Indictment. In the Statement of Facts, Defendant Charles admitted that ½ ounce of crack cocaine was provided to the UC. (Dkt. 93, p. 17).

Defendant Charles moved for a downward departure or variance to 120 months imprisonment at sentencing. The Court denied the Motion. (Dkts. 132, 137, 147). On July 17, 2009, Defendant Charles was sentenced to a term of imprisonment on Count 1 of 120 months, concurrent, and concurrent with any term of imprisonment for the probation violation in Docket Number 067CF014663, and a term of imprisonment on Count 2 of 188 months, concurrent; a term of supervised release on Count 1 of 36 months, concurrent, and a term of supervised release of 60 months on Count 2, concurrent; fine waived; and a special assessment fee of $200.00.

At sentencing, Defendant Charles objected to the grouping of the two counts of conviction because the end result was the proposed guideline range exceeded the statutory maximum of Count 1, 10 years. Defendant Charles also objected to the 4-level increase for pecuniary gain, USSG Sec. 2A1.5(b)(1), arguing that the pecuniary gain was already incorporated into the offense itself, murder-for-hire. The Court overruled both objections. (Dkt. 222, pp. 28-29).

On June 11, 2010, the Court vacated the previous Judgment and directed that a new Judgment be entered. (Dkts. 172, 173).

Defendant Charles moved for a sentence reduction pursuant to Amendment 750 (Dkt. 189). The Government opposed the Motion. (Dkt. 193). The Court denied the Motion. (Dkt. 202).

Defendant Charles moved for a sentence reduction pursuant to Amendment 782. The Court denied the Motion. (Dkts. 213, 224).

The United States Probation Office has issued an eligibility Memorandum which indicates that Defendant Charles is eligible for relief under the First Step Act of 2018, because application of Sections 2 and 3 of the Fair Sentencing Act

have the effect of lowering the statutory provisions and/or the guideline provisions:

**Statutory Provisions:**

Original Statutory Provisions:                                  Reduced Statutory Provisions:

Ct. 1   18 U.S.C. Sec. 1958(a)(2)                               18 U.S.C. Sec. 1958(a)(2)
Ct. 2   21 U.S.C. Sec. 841(b)(1)(B)                             21 U.S.C. Sec. 841(b)(1)(C)

Ct. 1   Imprisonment: Up to 10 years                            Up to 10 years
Ct. 2   5 to 40 years                                           Up to 20 years

Ct. 1:  Supervised release: Not more than 3 years               Not more than 3 years
Ct. 2:                      At least 4 years                    At least 3 years

Ct. 1:  Fine: $250,000                                          $250,000
              $2,000,000                                        $1,000,000

Enhanced Penalties: No.

**Guideline Provisions:**

Last Applied Guideline:                                         Amended Guideline:

| | | |
|---|---|---|
| Total Offense Level: | 34 | 34 |
| Criminal History Category: | III | III |
| Imprisonment Range: | 188 – 235 months | 188 – 235 months |
| Supervised Release Range: | Ct. 1: 2-3 years | 2-3 years |
| | Ct. 2: 4-5 years | 3 years |
| Fine Range: | $17,500 to $2,000,000 | $17,500 to $1,000,0000 (Incorporating Amendments 706, 750, 782) |

Career Offender Under USSG Sec. 4B1.1:           No.

      The First Step Memorandum states that Count 2 involved .5 ounces (14.1748 grams) of cocaine base.

      The First Step Memorandum indicates that retroactive application of the Fair Sentencing Act of 2010 would make Defendant Charles eligible for an unchanged sentence of 188 months imprisonment; which consists of 120 months imprisonment as to Count 1, and 188 months imprisonment as to Count 2, concurrent, followed by a reduced term of supervised release of 3 years as to Counts 1 and 2, concurrent.

Defendant Charles' disciplinary record reflects a record of violations from 2011 through 2016, some of which were admitted; these include possession and use of drugs, possession of a dangerous weapon, and assaulting BOP staff. (Dkt. 222, p. 3). Defendant Charles has completed a variety of educational courses.

2. Discussion

The Fair Sentencing Act increased the threshold quantities of crack cocaine required to trigger the statutory penalties for violations of Sec. 841(a) from 5 grams to 28 grams under Sec. 841(b)(1)(B)(iii), and from 50 grams to 280 grams for penalties under Sec. 841(b)(1)(A). Fair Sentencing Act of 2010, Pub. L. No. 111-220, Sec. 2. The United States Sentencing Commission subsequently promulgated retroactive amendments to the guidelines, which amended crack cocaine quantities in § 2D1.1 consistent with the FSA.

Section 404 of the First Step Act of 2018 grants the authority "to impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time [a] covered offense was committed.". Sec 404(a) defines "covered offense" as "a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. *Id*. at Sec. 404(a).

A. Eligibility

Defendant Charles and the Government agree that Defendant Charles is eligible for a sentence reduction. Defendant Charles was sentenced for a "covered offense" as to Count 2, and the limitations of Sec. 404(c) are not involved here.

B. Discretion to Reduce Defendant's Sentence

Defendant Charles argues that the statutory penalty ranges have changed and it is appropriate for the Court to exercise its discretion to modify Defendant Charles' term of imprisonment in light of the Section 3553(a) factors and Defendant Charles post-sentencing conduct.

Defendant Charles points out that that Defendant Charles was not sentenced as a career offender or subject to Section 851 enhancements. Both Counts of this case were grouped as being part of a common scheme, and the guideline determination was based on the use of interstate commerce facilities in the commission of murder-for-hire, found at USSG Sec. 2E1.4. With a base offense level of 33, due to the solicitation to commit murder guideline found at USSG Sec. 2A1.5(a), with a 4-level special offense characteristic for involving the offer of pecuniary gain, *see* USSG Sec. 2A1.5(b)(1), but with a 3-level reduction for acceptance of responsibility, Defendant Charles' total offense level was 34. With a criminal history category of III, Defendant Charles' guideline range was determined to be 188 to 235 months. Defendant Charles was sentenced to 188 months imprisonment as to Count 2, with a concurrent 120-month term of imprisonment for Count 1, the statutory maximum for a violation of 18 U.S.C. Sec. 1958(a)(2).

Defendant Charles was 19 years old when Defendant was sentenced, and is now 30 years old. Defendant Charles has had some disciplinary violations, for which Defendant Charles has been sanctioned, but has had no violations since 2016. Defendant Charles asserts that despite Defendant's disciplinary violations, Defendant Charles is considered to be a "model inmate," has completed many educational courses, is currently enrolled in business classes, and is participating in the 40-Hour Non-Resident Drug Program Release Prep. Defendant Charles has received outstanding work evaluations.

The Government concurs with the Memorandum of the United States Probation Office, and points out that Defendant Charles' applicable guidelines range has not changed. The Government argues that the First Step Act merely lowers the maximum statutory penalty, but does not alter any other factor the Court considered when it sentenced Defendant Charles to 188 months imprisonment on Count 2. At the time of sentencing, the Court imposed the minimum sentence that would promote the purposes of 18 U.S.C. Sec. 3553(a). (Dkts. 184, pp. 37-38; 222, p. 7).

The statutory penalty range for Count 2 has changed from "5 to 40 years" to "up to 20 years." However, the modified statutory penalty range does not change the advisory guidelines range as to the term of imprisonment on Count 2, 188 to 235 months imprisonment. The Court sentenced Defendant Charles to the bottom of that range. The Court denied Defendant Charles' request for a downward variance to 120 months at sentencing. Defendant Charles' sentence was justified by a number of factors considered at that time. (Dkt. 184, pp. 29-38). Defendant Charles' sentence on Count 2 is the same sentence the Court would have imposed regardless of whether the FSA had been in effect. After consideration, the Court finds that a reduction in the term of Defendant Charles' imprisonment is not warranted, and denies Defendant Charles' Motion to Reduce Sentence in part. Defendant Charles' Motion is granted in part as to a reduction in the term of supervised release from 5 years to 3 years. Accordingly, it is

**ORDERED** that Defendant Caleb Michael Charles' Motion to Reduce Sentence Pursuant to the First Step Act of 2018 is **denied in part** as to the reduction of the term of imprisonment, 188 months, on Count 2, and **granted in part** as to the reduction of the term of supervised release from 5 years to 3 years on Count 2. Defendant Charles' Motion is otherwise **denied**. (Dkt. 225).

**DONE and ORDERED** in Chambers in Tampa, Florida on this 2ND day of December, 2019.

ELIZABETH A. KOVACHEVICH
Senior United States District Judge

Copies to:
All parties and counsel of record